**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANGELIA SMITH and KELVIN SMITH**                        **PLAINTIFFS**

**v.**                               **CIVIL ACTION NO. 2:26-cv-71-LG-MTP**

**MICROTEL INNS AND SUITES FRANCHISING, INC.**           **DEFENDANT**

**<u>REPORT AND RECOMMENDATION</u>**

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Proceed *in forma pauperis* [2].  Having considered Plaintiffs' submissions, the undersigned recommends that the Motion [2] be denied and Plaintiffs be directed to pay the filing fee.

On May 12, 2026, Plaintiffs filed their Complaint [1], along with an IFP Motion [2].  The Court has sufficient information before it to evaluate Plaintiffs' financial status.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiffs.  "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).  28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010).  The Court must examine the Plaintiffs' financial condition in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009).  "The granting or denying of *in forma pauperis*

1

proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

A review of Plaintiffs' financial information reflects that each month Kelvin Smith receives $1,677.00 in disability payments, Angelia Smith receives $454.00 in disability payments, and their son receives $940.00 in disability payments for a total monthly income of $3,071.00.  Thus, Plaintiffs' annual household income is $36,852.00.

Courts have utilized the applicable Department of Health and Human Services poverty guidelines to assess an applicant's financial condition.[1]  The applicable poverty guideline for a three-person household is $27,320.00 annually.[2]  Plaintiffs' annual household income is well above the poverty level.  Additionally, Plaintiffs own a 2017 Cadillac XT5 worth $19,000.00 and have $50.00 in cash.

According to Plaintiffs, their monthly expenses exceed their monthly income.  Courts, however, have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, 2013 WL 1704909 (M.D. Ga. April 19, 2013).  "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).  Under the circumstances presented, Plaintiffs should not be permitted to proceed at taxpayer expense.  The record demonstrates that Plaintiffs' financial status should allow them to pay the filing fee in order to

---

[1] *See, e.g., Mann v. City of Moss Point*, 2014 WL 4794544 (S.D. Miss. Sept. 25, 2014); *Bruton v. Colvin*, 2014 WL 840993 (N.D. Tex. Mar. 4, 2014); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011); *Walker v. University of Texas Medical Branch*, 2008 WL 4873733 (E.D. Tex. Oct. 30, 2008).

[2] *See* Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797 (Jan. 15, 2026).

commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiffs' Motion for Leave to Proceed *in forma pauperis* [2] be DENIED.

2. Plaintiffs be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit.

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of May, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

3